## STOKES v. LEARY et al.

(Supreme Court, Appellate Division, First Department.   November 16, 1900.)

1. PLEADINGS—REDUNDANCY.
    Matters in a reply that are merely redundant need not be stricken, since a reply does not require an answer.
2. SAME—SCANDALOUS MATTER.
    An allegation in a reply in an action against indorsers of a note that the maker of the note was a mere tool in the indorser's hands is scandalous matter, and should be stricken.
3. SAME.
    An allegation in a reply in an action against the indorsers of a note that the maker of the note had been indicted for perjury in swearing to an answer in another action is scandalous matter, and should be stricken.
4. SAME.
    An allegation in a reply in an action against the indorsers on a note that the sister of the maker of the note had brought an action to have him removed as her trustee, and the court, in doing so, had found that he was a dissolute man, and had appropriated trust funds to his own use, is scandalous matter, and should be stricken.

Appeal from special term, New York county.

Action by Edward S. Stokes aginst James D. Leary and Daniel J. Leary on four notes.   The notes sued on were given by one Polley in consideration of the transfer to him of shares of stock in the Hoffman House, of which Polley was treasurer.   James D. Leary, Daniel Leary, and one R. T. McDonald were indorsers on the notes, and were also stockholders in the Hoffman House.   Defendants, in their answer, set up counterclaims for damages suffered by Polley by reason of fraudulent representations by plaintiff in inducing Polley to purchase the stock, which claims had been assigned to defendants.   Plaintiff, in his reply, set up a conspiracy between Polley and defendants to defraud plaintiff, alleging matters pertaining to Polley's character; among other things, that Polley "was a mere tool in their hands"; that in another action connected with the same transaction Polley had been indicted for perjury in swearing to the answer in that action, and was awaiting trial on the indictment; and also that in an action recently brought by Polley's sister to have Polley removed from being her trustee the court had found that Polley was a man of dissolute character, and had appropriated trust funds to his own use.   Defendants moved to strike portions of the reply as scandalous, sections 2, 4, and 5 of the motion being directed, respectively, to the above allegations.   From an order denying defendants' motion to strike such allegations in the reply as redundant and scandalous, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

David McClure, for appellants.

Charles E. Hughes, for respondent.

PER CURIAM.   The court below denied a motion to strike out from a reply certain matters claimed to be irrelevant, redundant, and scandalous.   Upon an appeal from the order entered upon that

motion our attention is called to pleadings which may be described as models of diffuseness and circumlocution. The action appears to have been brought to recover upon four promissory notes, but there are allegations relating to the original transaction in which the notes were given, and upon which the plaintiff claims, that in reality the cause of action is to recover part of the purchase price of shares of stock sold by the plaintiff to one Polley and the defendants and one McDonald, now deceased. The answer does not treat the complaint as declaring solely on the notes, but puts in issue allegations referring to the original agreement and the consideration of the notes. The defendants also, by way of separate defenses and counterclaims, set up a variety of matters connected with the transaction of the alleged sale of shares of stock by the plaintiff to Polley and the other parties, and it is sought to recover from the plaintiff large sums of money by reason of those counterclaims. The plaintiff, in his reply, sets forth in minute detail the history of transactions connected with the subject of the counterclaims, and a great mass of alleged facts, the evidence of his version of those transactions. The court below denied the motion to strike out parts of the reply, intimating that, although it might be open to the criticism of redundancy, inasmuch as the defendants would not have to answer the allegations they seek to have stricken out, it was not apparent how those allegations were prejudicial. With respect to much of the matter objected to in the reply the view expressed by the court below may be adopted, but there are certain portions of that reply which should not be permitted to stand. They are harmful to the defendants, and may justly be called scandalous. They are those matters objected to in the second, fourth, and fifth sections or subdivisions of the notice of motion. We think the order should be reversed, and the motion to strike out parts of the reply granted as to the matters above particularly specified.

Order reversed, with $10 costs and disbursements, and the motion to strike out granted, as above indicated, with $10 costs.